[No. 10,023.]

## THE PEOPLE *v*. GEORGE K. DAVIS.

47    93
116    509
47    93
6142    360

JURORS FOR A TERM.—If jurors are not drawn and summoned to attend the term of a District Court, the Court may forthwith, by an order, direct the sheriff to summon one.

IMMATERIAL EVIDENCE.—Although the information sought by a question put to a witness by the prosecution in a criminal case, may be immaterial, yet, if the defendant is not prejudiced by it, the judgment will not be disturbed.

EVIDENCE IN CRIMINAL CASE.—If, on a trial for murder, a witness for the defense testifies that before the killing, deceased asked him to go with deceased and help tear down the defendant's fence, on a certain night, and made threats against the defendant, it is not error for the Court to refuse to allow the witness to state whether the fence was torn down that night.

ERROR IN REFUSING INSTRUCTION.—It is not error for the Court to refuse to give an instruction to the jury, asked by a party, if the instruction has already been given, substantially.

IDEM.—It is not error in a criminal case for the Court to refuse to give an abstract instruction, which is not applicable to the case.

IDEM.—It is not error for the Court, in a criminal case, to give an instruction requested by the defendant, with an addition to it, which does not change or modify the sense, but states a further principle germane to the point of the instruction.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

It appears by the evidence that the deceased had made some threats against the defendant. On the day of the homicide, a horse belonging to the deceased had been taken up while trespassing upon the defendant's field, by a servant of the defendant; the horse was taken away by the deceased, and the defendant, having armed himself, rode up on horseback to the highway where the deceased was driving the horse towards his house, and there an altercation ensued, during which the homicide was committed by the defendant, with a revolver. The defendant offered testimony that the deceased had previously threatened the defendant, and before the firing struck him with a whip.

At the term of the Court for September, 1872, the case was set for trial at the ensuing term, on the fourteenth day of January. On said last named day the case was called, and set for trial on the twenty-first day of January. There having been no trial jury drawn or summoned for the January term, the Court made an order for the sheriff to summon a panel of seventy-five jurors. The sheriff obeyed the order, and made his return on the twenty-first, the day set for the trial.

The defendant challenged the panel, and the Court overruled the challenge.

The sixth instruction, asked by the defendant and refused, read as follows:

"The defendant has offered himself as a witness in the action, and his testimony is fully as competent as that of any other witness in the case, and he is entitled to have the same carefully considered by you, and if, from all the evidence in the case, you believe the defendant shot the deceased in necessary self-defense, then you should acquit the defendant."

The defendant was convicted and he appealed. The other facts are stated in the opinion.

*P. D. Wiggington, H. N. Gehr, S. P. Scanniker* and *J. H. Budd,* for Appellant.

*Attorney-General Love,* for Respondent.

By the COURT:

The defendant was indicted for the murder of one Thompson and convicted of murder in the second degree.

1. The first point presented on the appeal is that the Court erred in not allowing a challenge to the panel of the trial jury upon the ground that a jury was not drawn as required by law. The point is answered by Section 226 of the Code of Civil Procedure, whereby it is provided that whenever jurors are not drawn and summoned to attend any court of record the Court may, in its discretion, by an order entered on its minutes, direct the Sheriff of the county forthwith to summon so many good and lawful men of his county to serve as jurors as the case may require.

2. In the progress of the trial a witness for the people stated that he saw the defendant sitting on the porch of his hotel at the time of the funeral of Thompson, and was then asked by the District Attorney how near the funeral procession passed to the place where the defendant was sitting. The question was objected to on the ground that it was immaterial, and the objection was overruled. It may be admitted that the information sought by the question was immaterial, still it is quite impossible to see how the defendant was prejudiced by it.

3. A witness for the defense testified that some fifteen months before the homicide, Thompson asked the witness to go with him and help tear down the defendant's fence; that the witness declined to do so, and thereupon Thompson made certain threats against the defendant, which the witness communicated to him some five or six days thereafter. The witness was then asked: "Do you know as a fact whether defendant's fence was torn down that night or not?" The question was objected to and excluded by the Court, and we see no error in this ruling.

4. The sixth instruction asked by the defendant and refused by the Court was substantially given in the charge of the Court. The jury was told that every witness who had

testified was competent, and that they should carefully consider and weigh all the evidence.

The ninth instruction was abstract and was properly refused because not applicable to the case. It was wholly unimportant that the jury be told that the defendant had the right to regain possession of a horse which had been wrongfully taken from his possession, "if it could be done without violence and without trespassing on the premises of the deceased."

The twelfth instruction the Court gave as requested, with an addition that in no respect changed or modified the sense of what preceded, but only stated a further principle germane to the point of the instruction asked and given. In this there was no error. (*People* v. *Dodge*, 30 Cal. 448.)

On the whole we see no error in the case prejudicial to the defendant, and the judgment is affirmed.