[Civ. No. 1352.   Fourth Appellate District.—March 4, 1935.]

DONALD POTTS, a Minor, etc., Respondent, v. O. N. CRAFTS, Appellant.

Clyde E. Cate for Appellant.

Claude Minard for Respondent.

MARKS, J.—On August 24, 1933, Donald Potts was a minor of the age of nine years. He was injured on that day while driving a miniature automobile over an oval board track both of which were the properties of defendant. This action was brought to recover for the damages suffered. The judgment awarded damages in the total sum of $500.

Defendant was operating a place of amusement in the city of Fresno on August 24, 1933. It was designated as "Crafts 20 Big Shows" and various forms of amusements were offered to the public upon the payment of a required charge. Donald Potts drove the miniature automobile around its oval track twice without accident, but on the third trip its left front wheel fell into an opening three or four inches wide between the boards of the runway and the injury to the child resulted.

■ The proprietor of a public place of amusement owes to his patrons the duty of using ordinary or reasonable care to see that they are not injured. (*Johnstone* v. *Panama Pacific I. E. Co.,* 187 Cal. 323 [202 Pac. 34]; *Sharpless* v. *Pantages,* 178 Cal. 122 [172 Pac. 384].)

■ The trial court found that "said board track was so negligently and carelessly constructed, erected and maintained by the defendant to the extent that a portion of one of the transverse boards forming said track was broken off and missing on the 24th day of August, 1933, in such a manner that a crack or crevice was left in said track running in a transverse manner across said track and of a width of several inches".

This finding is assailed by defendant as not being supported by and as contrary to the evidence. The minor and one of his boy companions testified that the opening was there and that the automobile wheel dropped into it. This was denied by the defendant and his witnesses. Thus a conflict was created which was resolved in favor of plaintiff by the trial court. Where there is evidence supporting a finding we cannot set aside a judgment simply because the testimony of a number of witnesses would prove the existence of facts contrary to those found by the trial court.

Furthermore, it is generally held that what is the exercise of ordinary or reasonable care in cases of this kind is a question to be decided by the trier of fact. (*Rovegno* v. *San Jose K. of C. Hall Assn.*, 108 Cal. App. 591 [291 Pac. 848].)

■ Defendant maintains that the evidence shows the minor guilty of contributory negligence. It is very generally held that the contributory negligence of a child of tender years is a question of fact to be decided in the trial court and that its decision is controlling on appeal. (*Woodman* v. *Hemet Union High School Dist.*, 136 Cal. App. 544 [29 Pac. (2d) 257].)

■ Defendant urges that he should escape liability under the doctrine of assumption of the risk. There is nothing in the record indicating that the father of Donald had any intimation that there was an opening in the track prior to the happening of the accident. Donald testified that he knew it was there. He had rented the miniature automobile twice before the trip on which the accident happened and had driven over the opening with safety a number of times. Strictly speaking the assumption of the risk doctrine is applicable to the relation of master and servant. (16 Cal. Jur. 1061.) In negligence cases such as we have before us the assumption of a risk by an injured party usually is considered under the head of contributory negligence. The question of whether a minor of nine years of age was negligent in driving the miniature automobile over the opening in the oval track after he knew of its existence was one for the determination of the trial court. Under the facts before us we cannot say that the finding against contributory negligence is without evidentiary support.

The other grounds urged for a reversal of the judgment need not be separately mentioned. We have considered all of them and can find no merit in them.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.