[Civ. No. 4111.   Fourth Dist.   Feb. 2, 1950.]

FOREST H. BUNCH, Respondent, v. ANDREW J. EASON et al., Appellants.

Parker, Stanbury & Reese and Richard E. Reese for Appellants.

Novack & Haberkorn, Francis J. Gabel and Henry F. Walker for Respondent.

MUSSELL, J.—This is an action brought by the plaintiff to recover damages for personal injuries received by him in an accident which occurred on Colton Avenue, a 56-foot wide, paved, three-lane highway, running between the cities of San Bernardino and Colton. The center of the highway, or passing lane, was 16 feet wide and the other two lanes were each 20 feet wide, and although the highway runs somewhat diagonally, insofar as compass directions are concerned, it was considered during the trial that it ran north and south; north being toward San Bernardino and south toward Colton. Near the scene of the accident and on the east side of Colton Avenue was a café, known as "Maxine's" and the highway at this point was bounded by concrete curbings, containing two openings on the east side for driveways to the café. The highway was wet and apparently it had just stopped raining.

Defendant Eason, accompanied by some friends, was driving south on Colton Avenue approaching "Maxine's" Café, which was on his left or opposite side of the highway. He was traveling in the outer or west lane of Colton Avenue. To his rear and traveling south in the same lane was a Plymouth coupé occupied by Frank Draper, as driver, and plaintiff, Forest H. Bunch, as passenger. The Plymouth was owned by plaintiff Bunch. Upon approaching defendant Eason's vehicle, Draper pulled over to the center or passing lane preparatory to passing the Eason car and gave a "little honk" as a warning. Suddenly, without any signal or other indication of his intention to do so, defendant Eason turned left from the west lane on Colton Avenue toward the driveway of the café. Draper, in an attempt to avoid contact with the

Eason car, turned to the left and the rear bumper of the Eason vehicle caught and hooked the front bumper of plaintiff's Plymouth, dragging the latter on across to the east side of Colton Avenue. Defendant Eason's car came to a stop with its front wheels just on or over the east curb line of Colton Avenue and approximately at right angles to the curb line with the caught and hooked Plymouth directly behind it.

All of the parties alighted from the two cars and entered the café with the exception of Draper and Eason, who proceeded to discuss the accident, and plaintiff Bunch, who went up to the front end of his Plymouth and noticed that the front grille was damaged. Bunch saw Draper and Eason on the other side of the hooked cars and heard them talking, but did not hear what was said. He saw a fuse type flare which had been placed in the east lane of Colton Avenue, about 150 to 200 feet south of where the two vehicles had stopped and he then attempted to pry the bumpers of the two cars apart. He was so engaged about a minute, when he found it was too heavy to do alone. He called to Draper to help, and then Draper yelled "look out." Plaintiff looked up and back and immediately was struck by a northbound car operated by defendant Olson, who was intoxicated at the time. Plaintiff was struck by the Olson car about three minutes after the defendant Eason first had turned his car to the left in front of the Plymouth. Plaintiff received severe injuries and the instant action was brought against defendant Olson and defendant Eason to recover damages therefor. A jury trial resulted in a verdict against both defendants. Eason alone has appealed from the ensuing judgment.

On this appeal Eason concedes that the evidence is ample to support a finding of negligence on his part as a result of which plaintiff's Plymouth was immobilized in the described position on Colton Avenue and concedes that the jury was properly and correctly instructed as to the law. He contends that Eason's negligence was a remote and not a proximate cause but that defendant Olson's negligence operated as an independent intervening cause breaking the chain of causation; that plaintiff "assumed the risk" of any injury by attempting to disengage the bumpers of the two vehicles while in the east lane of Colton Avenue, and that plaintiff was guilty of contributory negligence. It is conceded that the court properly instructed the jury on the law relative to proximate cause and efficient intervening cause.

■ We conclude that the question whether Eason's negligence was a proximate cause of plaintiff's injuries and damages herein was, under the circumstances here shown, a question of fact for the jury and as the jury determined this question against the defendant Eason, its determination is binding upon us. (*Fennessey* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 141, 145 [124 P.2d 51] ; *Brunetto* v. *Spediacci*, 124 Cal.App. 252, 256 [12 P.2d 151] ; *Sipperly* v. *San Diego Yellow Cabs, Inc.*, 89 Cal.App.2d 645, 653 [201 P.2d 543] ; *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 299 [195 P.2d 783].) And *Stockwell* v. *Board of Trustees,* 64 Cal.App.2d 197, 204, 205 [148 P.2d 405], where the court said:

''Then, again, as to the question of proximate cause, where it is claimed that an intervening cause has broken the chain of causation, it has been repeatedly held that such a question is one of fact for the jury. The general rule is stated in *Springer* v. *Sodestrom,* 54 Cal.App.2d 704 [129 P.2d 499], as follows: '. . . the question whether or not an intervening act of negligence breaks the chain of causation so as to make the original negligence a remote cause rather than a proximate cause of an injury, is always a question of fact to be decided by the jury. . . . (Citing numerous authorities) . . .' ''

The evidence is that plaintiff received the injuries complained of within approximately three minutes after the Eason car turned across the highway in front of his automobile and during that time it cannot be said as a matter of law that plaintiff was required to abandon his car when it was obstructing the highway. The jury was entitled to infer that Eason's negligence placed the plaintiff Bunch in a position of danger upon the highway and that plaintiff acted as a reasonable and prudent person would act in attempting to disengage his automobile from the Eason car and that the original negligence of Eason continued to exist up to the time of plaintiff's injuries. As was said in *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97, 98 [29 P.2d 781] :

''The authorities in this state hold that where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of · a third person causing the injury will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury.''

And on page 101:

''When, as here, it is claimed that an injury was caused both by the continuing negligent act of one defendant and

the independent concurring negligent act of a third person, many facts are to be considered in determining the proximate cause. (45 C.J. 897, 925.) The proof on that element includes all 'the attending circumstances.' (45 C.J. 914; *Royal Indemnity Co.* v. *Public Ser. Corp., supra* [42 Cal.App. 628 (183 P. 960)]; *Marton* v. *Jones,* 44 Cal.App. 299 [186 P. 410].) In the instant case much evidence regarding attending circumstances was introduced. The question was submitted under full and specific instructions. If the jury believed the evidence so introduced by the plaintiff, and from its verdict we must assume it did, this court may not say as a matter of law that the issue of proximate cause was not proved.''

██ The defendant contends that the plaintiff must be held guilty of contributory negligence as a matter of law and barred from recovery under the ''doctrine of assumption of risk.'' Plaintiff at the time he was injured was in a position in which he had been placed as a proximate result of defendant Eason's negligence. Whether his actions were those of a reasonable, prudent person in the same or similar circumstances, was a question of fact for determination by the jury (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Dennis* v. *Gonzales,* 91 Cal.App.2d 203, 207 [205 P.2d 55]), and we cannot say as a matter of law that he was guilty of contributory negligence when there was substantial evidence to support the conclusion reached by the jury. (*Crawford* v. *Southern Pac. Co., supra.*) As was said in *Potts* v. *Crafts,* 5 Cal.App.2d 83, 85 [42 P.2d 87], or as held in *Lee* v. *Dawson,* 44 Cal.App.2d 362, 370 [112 P.2d 683]:

''The so-called doctrine of assumption of risk is merely one phase of the doctrine of contributory negligence.''

The taking of reasonable risk by the plaintiff herein to save his property can be said to have been thrust upon him by the defendant Eason's negligence and it was for the jury to say whether the plaintiff acted with prudence under the circumstances or conducted himself in so reckless a manner as to defeat the right of recovery. (*Henshaw* v. *Belyea,* 220 Cal. 458, 463 [31 P.2d 348].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 28, 1950, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1950. Traynor, J., voted for a hearing.