[Civ. No. 15261. First Dist., Div. One. Feb. 10, 1953.]

JACK LOUIS KETTMAN, Appellant, v. SAMUEL LEVINE, Respondent.

James F. Boccardo, David S. Lull and Edward J. Niland for Appellant.

Crist, Stafford & Peters and John M. Brenner for Respondent.

BRAY, J.—In a personal injury action, plaintiff appeals from a judgment on a jury verdict in favor of defendant.

## QUESTIONS PRESENTED

Instructions:

(a) Proximate Cause

(b) Contributory Negligence.

## FACTS

Originally the action was against defendant and one Garcia. Upon payment to plaintiff of $4,500 the action was dismissed as to Garcia. Later, a jury rendered a verdict in favor of defendant. As no contention is made of the insufficiency of evidence to justify the verdict, only such of the evidence will be given as is necessary for the proper consideration of plaintiff's contentions concerning the instructions. At about 6:50 a. m. one dark and foggy morning a collision occurred on the Bayshore Highway between an automobile operated by defendant and a tractor and semitrailer (hereafter referred to as a truck) operated by plaintiff. At that time the two lanes normally used by northbound traffic were under repair for about a quarter of a mile. They were blocked off at each end of the repair area by wooden horses, lanterns and detour signs directing northbound vehicles to use the inner southbound lane and southbound traffic to use the outer southbound lane. Plaintiff, traveling north, was correctly using the inner southbound lane. Defendant, traveling south, was incorrectly using the same lane. The two vehicles collided. The circumstances left little, if any, doubt that defendant's negligence caused the accident. Later, defendant pleaded guilty to driving on the wrong side of the road and paid a $50 fine. Although plaintiff testified that he was rendered unconscious in the collision, remembering nothing until he awoke later in the hospital, other evidence supports the conclusion that he was not seriously injured at this time. Shortly, two state highway patrolmen arrived. They parked their car apparently in the northbound lane of the two regular southbound lane, put flares out, and while one directed traffic the other talked to plaintiff and defendant, and to

a tow-truck driver who had arrived. Plaintiff's truck extended several feet into the outer southbound lane. Traffic was moving slowly by with plenty of room to get around the accident. The fog had lifted a little, and it became somewhat lighter. About 7.04 a. m. Garcia, coming from the north and driving between 25 and 35 miles per hour, drove suddenly onto the scene. The patrolman, tow-truck driver and defendant were able to get out of his way, but he struck plaintiff, hurling him into the air, and then caroming off plaintiff's truck. Plaintiff sustained serious injury.

The jury retired at 3:37 p. m. At 5 o'clock they returned and requested further instruction. The court reread instructions on negligence, ordinary care and proximate cause. Counsel stipulated that no further instructions need be read. At 6 o'clock the jury returned with a verdict of 11 to 1 in favor of defendant.

(a) *Proximate Cause*

Both parties agree that under the circumstances of this case, the question of the proximate cause of plaintiff's injuries was one for the jury, and that the evidence would have supported a finding, had the jury so found, that defendant's negligence in driving on the wrong side of the road and causing the first accident was a proximate cause of the second. (See *Bunch* v. *Eason*, 95 Cal.App.2d 845 [214 P.2d 28].)

Instruction No. 15, after stating that the burden is on plaintiff to prove negligence on defendant's part and that such negligence contributed directly *or* proximately to plaintiff's injuries, states: "Unless the plaintiff proves both the negligence of said defendant and that such negligence *directly or proximately* contributed to the injuries and damages sustained, there can be no recovery herein . . ."*

Plaintiff's first criticism seems to be that notwithstanding the use of "or" in two places in this instruction the jury is told either that defendant's negligence must be *both* a direct *and* proximate cause, or that "direct" means "proximate" and vice versa. Obviously, the instruction does not do so. It correctly states the law. Interestingly enough, in *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 P. 393], and *Ward* v. *Read*, 219 Cal. 65 [25 P.2d 821], a somewhat similar instruction but using the conjunctive "and" instead of the

---

*Unless otherwise noted, all italics added.

disjunctive ''or'' was held proper. In *Hill* v. *County of Fresno,* 140 Cal.App. 272 [35 P.2d 593], the conjunctive instruction was held erroneous but not prejudicial. In *Ramos* v. *Service Bros.,* 118 Cal.App. 432 [5 P.2d 623], an instruction using the word ''directly'' instead of ''proximately'' was held proper.

 Plaintiff contends, secondly, that in its instruction No. 33, B.A.J.I. Instructions No. 104 and 104-A, ''The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause,'' the court should have added, ''It may operate directly or through intermediate agencies or through conditions created by such agencies.'' Plaintiff argues that the omission of this sentence gives an emphasis to the word ''directly'' in instruction No. 15 and wherever it is used in other instructions. While it would have been better to have included the sentence, we cannot say that its omission gave the emphasis contended nor that it was prejudicial in view of the second portion of the instruction, the other instructions, and particularly instructions No. 37 and No. 38, based on B.A.J.I. 104-C and 104-D.

 Instruction No. 34, 1950 B.A.J.I. Supp., page 85 (104 alternate (new)) states: ''Liability in law attaches only to the proximate cause of injury, and to that cause only when it issues from negligence. Although many circumstances leading up to and surrounding an accident may be linked to it in a chain of causation, so that we may say that the accident would not have happened without them, the proximate cause consists only of the factor or combination of factors that *compels* the injurious result. The word 'proximate' means '*near*'; and any particular conduct, to be a proximate cause of injury, must be effective as a cause at the time the injury is inflicted, and in one of three ways: It must immediately precede and lead into the injury, or, if the conduct

began or was done at a prior time, either it or a condition created by it must continue to the time of injury." ▓▓ Plaintiff contends first that the word "near" is misleading in that the jury might understand it to mean not "closest in responsible causation" (cf. Black's Law Dictionary, 3d ed., 1933, p. 1457) but near in a physical sense. "Proximity in point of time or space is no part of the definition" of proximate cause. (Osborn v. City of Whittier, 103 Cal.App.2d 609 [230 P.2d 132].) But reading the instruction as a whole and in conjunction with the other instructions in the case this criticism is captious.* ▓▓ Plaintiff also contends that the word "compels" makes the instruction faulty in that, in effect, it tells the jury that defendant's negligence in bringing about the first collision, in order for such negligence to be a proximate cause of plaintiff's injury, must have compelled Garcia to run plaintiff down. Concerning the choice of the word "compel" in this instruction, its authors state (1950 Supp. B.A.J.I. p. 84): "The greatest difficulty in defining proximate cause lies in distinguishing it and setting it apart from all the circumstantial causes. The word 'compel' makes the distinction. . . . The accidental injury is compelled into reality—probably by a combination of conditions and force, and we suggest that to answer the question, what compelled the accident? is to identify the proximate cause."

We doubt the advisability of using the word "compel" in this type of instruction. A jury may not understand it in the same sense the B.A.J.I. authors intended. The word "causes" is more familiar to the layman. However, a common sense interpretation of this instruction in connection with the other instructions, particularly those referring to specific acts of the defendant which could be considered in determining the proximate cause of the second accident, would not warrant the conclusion drawn from it by plaintiff.

Plaintiff also complains of Instructions No. 37 and No. 38, contending that they, or at least No. 38, is similar to the instruction which the court in Werkman v. Howard Zink Corp., 97 Cal.App.2d 418 [218 P.2d 43], found objectionable because it stated in effect that negligence of a person could not be a proximate cause of an accident unless the person foresaw, or by the exercise of ordinary care would have fore-

---

*Twenty-seven instructions mentioning proximate cause were given. Eight explained it.

seen the *identical* consequences that happened. However, the instructions criticized here did not so state. They stated that in determining whether defendant's conduct was a proximate cause, the test was whether defendant foresaw, or by the exercise of ordinary care would have foreseen, the probability of Garcia's conduct and the probability that defendant's conduct plus that of Garcia would result in injury to plaintiff. ■ If the probable result was not thus foreseen or foreseeable by defendant he would not be liable. Instruction No. 37 is B.A.J.I. Instruction 104-C. Instruction No. 38 is a repetition of most of 104-C, using the names of the parties instead of the general designation of "actors" as in instruction No. 37. As said by Mr. Presiding Justice Peters in *Jones* v. *City of South San Francisco*, 96 Cal.App. 2d 427 [216 P.2d 25], the question of proximate cause is "a question of foreseeability." (P. 435.) These instructions were proper. Moreover, instruction No. 37 was given at plaintiff's request.

(b) *Contributory Negligence*

Instruction No. 54: "You have no right to compare the fault of one driver in this case with the fault of either other driver. In other words, if you find from the evidence that plaintiff was guilty *of any degree of negligence, no matter how slight,* which proximately contributed to the happening of the accident, then your verdict must be for the defendant." Instruction No. 56: "Any negligence, *however slight,* on the part of plaintiff which directly and proximately contributed to the happening of the accident involved in this case bars a recovery by him."

■ In Instruction No. 57 the language used was that if plaintiff was guilty of any negligence which proximately contributed, "even in the slightest degree," to the happening of the accident, plaintiff could not recover. In *Clark* v. *State*, 99 Cal.App.2d 616 [222 P.2d 300], the court said concerning instructions which, like those above mentioned, stated that recovery would be barred if plaintiff were guilty of contributory negligence, "no matter how slight" (p. 623), which proximately contributed to the accident, " 'The rule is, not that any degree of negligence, however slight, which directly concurs in producing the injury will prevent a recovery; but, if the negligence of the plaintiff, amounting to the absence of ordinary care, shall contribute proximately, in any degree, to the injury, the plaintiff shall not recover.' Ordinarily we would not be disposed to attach great im-

portance to this defect in the instructions . . ." However, in that case the jury had returned for a rereading of instructions on plaintiff's negligence, and in the colloquy between court and the foreman of the jury great emphasis was laid upon slight negligence of plaintiff rather than negligence slightly contributing to the accident. The court stated: "What the foreman said to the court at that time amounted in substance to a statement that the jury were discussing the question of decedent's negligence exactly in the light of the court's erroneous statement"; and that from the circumstance of the jury's desire to have the contributory negligence instructions reread and particularly because of the jury foreman's statement to the effect that the jury were under the impression that plaintiff could not recover if he were negligent "in even the tiniest little bit" (p. 624), it was clear that the jury considered the "question of decedent's negligence exactly in the light of the court's erroneous statement." (P. 623.) In our case, however, there was no request for rereading of instructions on contributory negligence. It was proximate cause in which the jury was primarily interested. Technically speaking, it is improper to state that the *degree of negligence, however slight,* prevents a recovery by plaintiff, instead of stating that it is the *negligence contributing proximately, no matter how slight,* to the injury. However, it would be very difficult except in a case like the Clark case, *supra,* where the matter was discussed with the court, for a jury to understand the difference between the two instructions. In our case instruction No. 57 states the matter correctly. Instructions No. 54 and No. 56 state it incorrectly. It is very doubtful if the jury knew the difference in these instructions. In *Conner* v. *Southern Pac. Co.,* 38 Cal.2d 633 [241 P.2d 535], a "negligence, no matter how slight" (p. 641) instruction was given. The majority opinion, without discussing this or any other instruction in detail, held that all the instructions were correct.

 Instruction No. 50: "I instruct you that it was the duty of Jack L. Kettman to be alert and to avoid placing himself in danger." This instruction should be considered in connection with all the other instructions in the case, and when so read it did not require, as plaintiff contends, plaintiff to avoid danger at his peril, but only required him to use reasonable care to avoid danger.

Instruction No. 51: "The court instructs you that Mr. Levine is to be judged in the light of what would be reason-

able and proper under the circumstances. Any person can determine how the accident might have been avoided after it has happened. The law does not require Mr. Levine to anticipate that there was going to be an accident or take precautions against any accident which a person of ordinary prudence would not anticipate.'' ██ When read with the other instructions this one stated in effect that defendant was only required to anticipate accidents which a person of ordinary prudence would anticipate. This is a correct statement of the law. At the time Garcia struck him plaintiff was in the inner southbound lane being used by northbound traffic, with defendant and the two patrolmen. Garcia should have been in the outer or southbound lane. They were discussing the removal of the vehicles from the highway. ██ Plaintiff, because of his inability to remember subsequent to the first accident, was entitled to the presumption of due care. These circumstances, plus the jury's interest in proximate cause, show clearly that the jury did not find contributory negligence, and that any error in the contributory negligence instructions could not have been prejudicial.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 7, 1953. Carter, J., was of the opinion that the petition should be granted.