[Civ. No. 19153. First Dist., Div. Two. July 21, 1961.]

ZEPORAH A. BEEKS, Appellant, v. JOSEPH MAGNIN COMPANY, INC. (a Corporation), Respondent.

Philander Brooks Beadle and Eugene V. Kapetan for Appellant.

Hauerken, St. Clair, Zappettini & Hines, John D. St. Clair and Cyril Viadro for Respondent.

McCABE, J. pro tem.[*]—In a personal injury action, plaintiff appeals from a judgment in favor of defendant.

On July 23, 1956, and for the first time in her life, plaintiff, a 77-year-old woman, entered the store of defendant, Joseph Magnin Company, Inc., for the purpose of attending a fashion show and possibly to buy some of its merchandise. At the time of the accident, plaintiff was approximately 5 feet 6 or 7 inches, weighing approximately 165 to 170 pounds. She had worn glasses since she was 18 years of age and was wearing single-focus glasses on the day of the accident which corrected her vision to a 20/20. She and her companion had walked to the store during a sunshiny afternoon, looked at the shop windows and at approximately 1:30 o'clock p. m., entered defendant's store. Upon entering the store, plaintiff was slightly ahead of her companion. A person after entering and proceeding into the store would have to take two steps to go from one level downward to another although there was only one step physically present. For the purposes of clarification, reference will be made to two steps. There were two risers. There was testimony that one riser was 5½ inches high and the other was 6 inches high. Plaintiff fell but there is a cloudiness in the record as to whether she had actually taken one step downward and then fell or whether she was taking a step and fell downward on the steps and risers. There was a handrail on either side of the steps but none in the middle of the steps. Plaintiff contended at the trial the steps should have had a handrail in the middle as required by the building code when steps were more than 77 inches wide. There was a conflict in the testimony as to whether or not the steps were more than 88 inches wide, which result depended upon how they are measured. Plaintiff's testimony was that upon entering defendant's store, it appeared the floor was on the same level and she did not know there were steps going downward from the entrance level to a lower level. Upon entering the store, she felt the illumination was dim. But on this appeal plaintiff does not argue the point regarding lack of proper illumination nor that there was any foreign matter on the floor or step. As a result of the accident, plaintiff sustained injuries including a fracture of the neck of the femur which have caused her to be a permanent cripple.

*Assigned by Chairman of Judicial Council.

Plaintiff on this appeal concedes the evidence is capable of supporting the jury verdict in favor of defendant but complains there is prejudicial error on the part of the trial court in (1) giving and refusing certain instructions, (2) admitting certain evidence, and (3) improperly excluding certain evidence offered by plaintiff.

The court gave a ''mere happening of the accident'' instruction. Plaintiff believes it was not only error to give this instruction but the giving of it was prejudicial because the evidence disclosed violations of the building code in effect at the time of the construction. To support her position, plaintiff cites *Alarid* v. *Vanier*, 50 Cal.2d 617 [327 P.2d 897] for the rule that where a presumption of negligence arises because of a violation of a statute, the ''mere happening of the accident'' instruction should not be given. Different from the situation in the instant case, in the *Alarid* case the parties agreed on the undisputed evidence that a presumption of negligence on the part of defendant arose by reason of an admitted violation of a statute. The Supreme Court in the *Alarid* case said at page 625:

''. . . For the reasons set forth in the cited cases holding it is error to give the mere happening of the accident instruction where an inference of negligence arises as a matter of law, it is likewise error to give that instruction where a presumption of negligence arises as a result of defendant's disobedience of a statute. . . .''

Defendant, Joseph Magnin, has not conceded there was a violation of a statutory duty. There was evidence introduced by both parties as to whether or not there had been a violation of a law, thereby creating a conflict in the evidence to be resolved by the jury. It would be for the jury to determine as a matter of fact whether there had been a violation of a duty imposed by a statute and whether the violation, if found, was the proximate cause of plaintiff's injury. It is not error to give the ''mere happening of an accident'' instruction where the violation of statute is a question to be decided by the jury. Although the cases of *Barrera* v. *De La Torre*, 48 Cal.2d 166 [308 P.2d 724]; *Middleton* v. *Port Transportation Co.*, 106 Cal.App.2d 703 [235 P.2d 855], involved the res ipsa loquitur doctrine, by analogy, the principle involved is applicable to the case before us.

Next, plaintiff contends it was prejudicial error for the trial court to refuse to give her submitted instructions

regarding contributory negligence. The requested instructions are as follows:

"In the answer filed by the defendant, it is claimed among other things that the damages alleged to have been caused to plaintiff were sustained through her own contributory negligence.

"I charge you that the defense of contributory negligence is an affirmative defense, and under the law of the State the burden of proving this defense is upon the defendant, unless such defense is shown by, or can be inferred from, the evidence given in support of plaintiff's case. If, therefore, the defense of contributory negligence has not been shown by, and cannot be inferred from the evidence given in support of plaintiff's case, then I instruct you that unless defendant has proved by a preponderance of the evidence that such damages, if any, were sustained by said plaintiff through her own contributory negligence, such defense has not been made out against plaintiff, and you must find in her favor and against defendant on the issue of contributory negligence.

"Contributory negligence cannot be presumed. It is an affirmative plea, and unless it appears from the evidence produced by the plaintiff, it must be established by defendant by a preponderance of the evidence. If, in your minds, the evidence is evenly balanced in this regard, the defendant has failed to prove contributory negligence. . . .

"If upon the question of contributory negligence the evidence is equally balanced or preponderates against such charge, then you will find against the defendant and in favor of plaintiff on that issue."

At the commencement of the trial, the court instructed the jury as follows: "The defendant, Joseph Magnin Co., has filed an answer, and it has denied that it was negligent in any manner, shape, or form with reference to the maintenance and operation of these particular steps. They have also set forth an additional defense alleging that the plaintiff, Mrs. Beeks, was herself guilty of contributory negligence."

Later, the court instructed the jury that: the affirmative of an issue must be proved by a preponderance of all of the evidence; the affirmative here was upon the defendant as to all allegations in the answer; any evidence regardless of who produced it could be considered. The court defined preponderance of evidence, negligence and contributory negligence and that each must be proved by a preponderance of

the evidence. Also, the jury was instructed that if contributory negligence was a proximate cause it would bar plaintiff's recovery; that there was no legal presumption of negligence or contributory negligence. The court gave instruction on the burden of proof as to the issues.

Taking plaintiff's offered instruction and comparing it with the instructions given on the same subject matter, the only real difference except as to language is the offered instruction contains the words "affirmative defense," whereas the court instructed the jury that defendant had set forth an "additional defense." Certainly, the jury could not have been misled by the difference in words. It seems more probable that persons not experienced in the law would understand more clearly the words used by the court. It must be assumed the members of the jury possess ordinary intelligence and understood the instructions as given and correctly applied them to the evidence (*Zuckerman* v. *Underwriters at Lloyd's, London,* 42 Cal.2d 460 [267 P.2d 777]).

■ Plaintiff requested an instruction which was refused regarding a corporation being an artificial person, doing acts through its agents, servants and employees. This instruction sets forth a rule of law but its application to the instant case is remote. Such an abstract statement of the law as set forth in the instruction would be of no assistance to the jury in resolving any issue in the instant case (*Lloyd* v. *Boulevard Express,* 79 Cal.App. 406 [249 P. 837]; *People* v. *Davis,* 47 Cal. 93; *Howell* v. *San Joaquin Light & Power Corp.,* 87 Cal.App. 44 [261 P. 1107]).

■ No authority is cited by plaintiff to sustain her contention that it was error to refuse to give an offered instruction as to lapse of time between the date of the accident and the trial date. As to this case, the significance of the necessity for such an instruction is illusive. Certainly it would not go to the fundamental issues to be determined by the jury or as to the duty of the jury or the drawing of any inferences which would be determinative of the case. There is no error in the failure to give such an instruction in this case.

■ Equally devoid of merit is plaintiff's contention that the trial court committed error in rejecting her offered instruction regarding the duty of storekeepers. The court adequately instructed upon this issue and it is not error to fail to use her exact and precise language. If a court correctly stated the law applicable to the case, as it did in the instant

case, the plaintiff may not complain (*Lemere* v. *Safeway Stores, Inc.*, 102 Cal.App.2d 712 [228 P.2d 296]; *Luis* v. *Cavin*, 88 Cal.App.2d 107 [198 P.2d 563]).

One of the issues to be decided by the jury was whether or not defendant was negligent. Plaintiff had introduced evidence regarding the construction and maintenance of the steps. One of her witnesses, an architect, expressed his expert opinion as to the standard for the construction and maintenance of the steps. Defendant corporation on its case in chief and over the objection of plaintiff introduced evidence that the plans for the construction of the steps had been submitted to the City and County of San Francisco and that they had been approved and a building permit had been issued and that the steps were constructed in accordance with the approved plans. Plaintiff contends it was error to allow this testimony to be considered by the jury. At the close of plaintiff's case and upon her evidence alone it was possible for the jury to find defendant corporation was negligent and that this negligence was the proximate cause of the accident. In attempting to overcome this possible result, it was proper for the defendant corporation to introduce evidence of its acts and conduct relevant to the construction of the stairs and risers. In so doing it had a right to prove that the plans for the steps met the standard set up on the building code in existence at the time of the construction. The standard set up by this code was only a minimum and would not preclude a finding that the defendant was negligent in failing to take additional precautions. (See Prosser, The Law of Torts [2d ed.], p. 163 et seq.) The trial court instructed that mere compliance with the local building requirements and obtaining a building permit would not absolve defendant from negligence. The evidence was properly admitted and the court gave an instruction to place the evidence in proper focus.

Plaintiff objects to the trial court's ruling that the provisions of the 1956 Building Code for the City and County of San Francisco were not admissible into evidence. Plaintiff offered this evidence in rebuttal and impeachment of the testimony of the architect who designed the steps and risers and supervised the construction in 1950. The court's ruling was correct. The architect had testified to the 1950 code provisions. At no time did he testify to any other; therefore, such evidence could not be impeaching or proper rebuttal testimony. Plaintiff contends the architect testified

as to a standard of architectural practice and the 1956 code would have reflected an architectural practice different from that testified to by the architect. Again, the architect was testifying to architectural practices as of the date of construction and not that which may have existed in 1956. He did testify that such practices varied from time to time and in different geographic areas but such testimony did not justify during the cross-examination or in rebuttal an admission into evidence of the 1956 code provisions in an attempt to impeach or rebut this testimony.

Judgment affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1961. Peters, J., was of the opinion that the petition should be granted.