[Civ. No. 20744. First Dist., Div. One. June 9, 1964.]

ANGEL LUNA, Plaintiff and Appellant, v. HENRIETTA TECSON, Defendant and Respondent.

Garcia, Wong, Haet & Dominguez, Goldstein & Brann and Franklyn K. Brann for Plaintiff and Appellant.

Bacon, Mundhenk, Stone & O'Brien and Herbert Chamberlin for Defendant and Respondent.

BRAY, P. J.—Plaintiff in a personal injury action appeals from judgment, after jury verdict, in favor of defendant.

### QUESTIONS PRESENTED.

1. Was defendant negligent as a matter of law?

2. Alleged error in instructing on excusability of violation of statute.

3. Alleged error in instructing that mere happening of an accident raises no presumption of negligence.

4. Alleged error in instructing on contributory negligence.

### RECORD.

Summarizing the facts in the manner most favorable to the defendant, they are as follows: About 7 a.m. on the morning of December 1, 1958, defendant was proceeding northward on Ninth Street in San Francisco on her way to work at Treasure Island. She approached the intersection of Ninth and Bryant Streets (which runs east-west) and about halfway up the block from the intersection she signalled for a right turn. Both of the streets were one-way.

Defendant was proceeding in the far right lane, which was stipulated to be 19 feet wide. (There was some evidence that it was 2 or 3 feet wider immediately adjacent to the intersection.) It was defendant's custom in approaching the intersection to proceed at a distance away from the curb in order to leave a space in which vehicles might park. According to her testimony there were always cars parked along this curb and traffic never moved in this portion of the lane. It was stipulated that the right curb was painted red the entire block indicating no parking or stopping. There were no other vehicles parked or present on Ninth Street as she approached the intersection on the day in question. This testimony was

corroborated by the passenger in defendant's car. This passenger testified that defendant always made the turn from Ninth on to Bryant from close to the left line in the far right-hand lane in order to more easily approach the ramp leading to the Bay Bridge. On the morning in question defendant was close to that line.

As defendant approached the intersection, the traffic signal turned red and she stopped. While she was so stopped, plaintiff's automobile approached from behind and pulled alongside defendant about halfway up her car and about 2 feet to the right of defendant's vehicle.[1] Defendant looked over at the other car but could only see the back of the driver's head because he had turned around and was conversing with his passenger.

After the light turned green and before moving or commencing her turn, defendant again looked over at plaintiff's car. Plaintiff's car had not moved,[2] and there was no indication that he intended to do so. Defendant assumed that plaintiff was going to remain where he was because he was not facing traffic. Defendant testified that just as she was beginning the turn, she observed plaintiff's car slowly approaching but she could only see a side view of plaintiff.[3]

Immediately thereafter, the cars collided at a point about 6 feet west of the east curb of Ninth and about 4 feet north of the south curb of Bryant. Plaintiff's car did not appear damaged and the damage to defendant's car was slight. The passenger in defendant's car testified that she did not even feel the impact.

After the accident, plaintiff continued to work, but subsequently that day complained of injury to his neck and back and left work to see a doctor. He was subsequently hospitalized for several days and apparently wears a brace for his back.[4] Suit was filed December 10, 1958, nine days after the accident while plaintiff was still in the hospital.

1. WAS DEFENDANT NEGLIGENT AS A MATTER OF LAW?

Plaintiff contends that defendant violated section 540, sub-

---

[1]Plaintiff claimed he arrived at the intersection first. His passenger supports this.

[2]Plaintiff testified he started immediately after the light changed.

[3]Plaintiff's passenger testified that plaintiff also intended to turn right to get into the second lane of traffic on Bryant to approach the ramp to the Bay Bridge. Plaintiff testified he turned on his headlights to indicate his intention.

[4]The record is not clear as to this.

division (a), of the Vehicle Code[5] without excuse, and therefore was negligent as a matter of law. ■ Whether the violation of a statute is justifiable or excusable is ordinarily a question of fact for the jury except where reasonable persons can draw but one inference from the facts. (*Lokey* v. *Pine Mountain Lbr. Co.* (1962) 205 Cal.App.2d 522, 529 [23 Cal. Rptr. 293].) ■ " 'In the application of the rule each violation of a statutory requirement must be considered in connection with the surrounding circumstances.' " (*Smith* v. *Sugich Co.* (1960) 179 Cal.App.2d 299, 307 [3 Cal.Rptr. 718].) ■ " 'If there is any evidence of excuse or justification, the jury should be instructed on the issue whether the excuse or justification for violation of a statute appears from evidence of violation plus evidence of excuse or justification or from all the surrounding circumstances. (*Fuentes* v. *Panella,* 120 Cal.App.2d 175, 183 [260 P.2d 853].)' " (*Baxter* v. *Rogers* (1961) 191 Cal.App.2d 358, 365 [12 Cal.Rptr. 635].)

■ Section 540 of the Vehicle Code provided at the time of this accident: "The driver of a vehicle intending to turn at an intersection shall do so as follows: (a) Right Turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

It is obvious from the evidence that although defendant was in the right-hand lane of the street, she commenced her turn far enough from the right-hand curb to permit another automobile to maneuver between her and the curb. Thus she violated section 540, subdivision (a), of the Vehicle Code. Whether she was guilty of negligence because of such violation, and whether the court was justified in giving the instruction on excusability of violation of the statute rests upon whether there was evidence in the case which would justify a finding of excusability.

■ Chief Justice Gibson in *Alarid* v. *Vanier* (1958) 50 Cal.2d 617 [327 P.2d 897], where he reviewed practically all the cases in California on the subject and found that there were conflicting theories as to the test to be applied, laid down the test which now must be applied, and disapproved the cases contrary thereto. "In our opinion the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be

[5]Now section 22100 of the Vehicle Code.

expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.''

■ In applying this test it should be borne in mind that we are not required to find that defendant actually did what a prudent person would have done under the circumstances but that if her actions were such as could be held reasonable under the circumstances, the question was one of fact for the jury.

■ The fact that defendant customarily did not comply with section 540, subdivision (a), because there were usually cars parked next to the curb, could not be a reasonable excuse for not obeying the statute on this day when cars were not parked there. Particularly is this so, in view of the fact that the red curb was a warning that cars must not park or stop there, and defendant had no right to assume that plaintiff would violate the law by parking there. ■ Defendant neither approached the right-hand turn nor started to make it from the place where section 540, subdivision (a), required that she should have been. She did not do ''what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law'' would have done. Hence as a matter of law she violated the statute without excuse. The court should have so advised the jury and should not have given the instruction on excusability as there was no evidence to which it could apply.

2. INSTRUCTIONS ON EXCUSABILITY OF VIOLATION OF STATUTE.

The portion of instruction XX which should not have been given for the reason hereinbefore set forth is italicized. Instruction XX reads: ''Conduct which is in violation of the section just read to you constitutes in itself negligence. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he or she was negligent. *However, such presumption is not conclusive. It may be overcome by other evidence showing that, under all of the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence.*''

In *Smith* v. *Sugich Co., supra,* 179 Cal.App.2d 299, the plaintiff was a pedestrian injured by the defendant's driver, who was making a right-hand turn in violation of section 540, subdivision (a), of the Vehicle Code.

The court there stated (p. 308): "The only evidence showing excuse or justification for the wide right-hand turn was Watanabe's testimony that he did not drive in the parking lane next to the curb because 'cars might be parked there.' ... The statute requiring that a vehicle be driven as close as practicable to the right-hand curb or edge of the highway is for the benefit of pedestrians. . . . Since the statute was designed to protect pedestrians against harm resulting from making wider right-hand turns, the plaintiff would have been entitled to have the court give a properly worded instruction holding defendant to the statutory standard."

As the court should have instructed that defendant was negligent as a matter of law in violation of section 540, subdivision (a), instruction XXI which deals with excusability, should not have been given. Therefore it is unnecessary for us to discuss the form of that instruction other than to call attention to the fact that it is patterned on BAJI No. 149, as it existed before being criticized in *Alarid, supra.* BAJI No. 149 has now been revised.

3. No PRESUMPTION FROM HAPPENING OF THE ACCIDENT.

At the beginning of its instructions the court gave instruction IV which reads: "In a case such as here presented, there is no legal presumption of negligence, but negligence is a fact, which, like other facts alleged by the plaintiff, must first be proved by him to entitle him to recover.

"I charge you that the mere happening of an accident or the filing of a complaint or that negligence has been charged or the fact that injuries have been sustained, in and of itself raises no presumption of negligence." Plaintiff contends that this instruction conflicts with instruction XX which states that a violation of section 540, subdivision (a), Vehicle Code, would raise a presumption of negligence. There is a conflict in the decisions as to the effect of giving instructions on happening of an accident and violation of a statute or of res ipsa loquitur in a given case.

In *Alarid, supra,* at page 625, it was held error to give the mere happening of the accident instruction where res ipsa loquitur applies or where a presumption of negligence arises from the defendant's disobedience of a statute. However, such error was held not to be prejudicial under the circumstances of that case. Likewise in *Guerra* v. *Handlery Hotels, Inc.* (1959) 53 Cal.2d 266 [1 Cal.Rptr. 330, 347 P.2d 674], it was held that the error in giving both the happening of the accident instruction and instructions on res ipsa loquitur was

not prejudicial. In *Smith* v. *Sugich, supra,* at page 310, the court refused to hold prejudicial the giving of the mere happening instruction together with instructions on violation of a statute. In *DeMartini* v. *Alexander Sanitarium, Inc.* (1961) 192 Cal.App.2d 442, 446 [13 Cal.Rptr. 564, 91 A.L.R.2d 383], the error in giving instructions on mere happening of the accident and on res ipsa loquitur was held not prejudicial.

On the other hand, in *Beeks* v. *Joseph Magnin Co.* (1961) 194 Cal.App.2d 73, 76 [14 Cal.Rptr. 877], the court held that the giving of the mere happening of an accident instruction and the violation of a statute instruction was not error. It based its decision on *Barrera* v. *De La Torre* (1957) 48 Cal. 2d 166, 171 [308 P.2d 724], where the court said that an instruction on the mere happening of an accident ''would be proper when accompanied by an instruction on the res ipsa loquitur doctrine'' (p. 171) and on *Middleton* v. *Port Transportation Co.* (1951) 106 Cal.App.2d 703, 705 [235 P.2d 855], which held that there was no error in giving instructions on both subjects. In *DeMartini* v. *Alexander Sanitarium, Inc., supra,* 192 Cal.App.2d 442, 445, where instructions on mere happening of the accident and on res ipsa loquitur were given, the court said: ''As plaintiff points out, the giving of similar instructions has been held to constitute reversible error where the doctrine of res ipsa loquitur was applicable as a matter of law (*Alarid* v. *Vanier,* 50 Cal.2d 617, 625 [327 P.2d 897]; *Jensen* v. *Minard,* 44 Cal.2d 325, 329 [282 P.2d 7]). The question is discussed by the Supreme Court in an opinion written by Chief Justice Gibson in *Guerra* v. *Handlery Hotels, Inc.,* 53 Cal.2d 266 [1 Cal.Rptr. 330, 347 P.2d 674], and it appears that the error in giving both instructions is reversible when there is a possibility that the 'mere happening' instruction may nullify the inference of negligence intrinsic to res ipsa loquitur.''

In our case the statement that ''In such a case as here presented, there is no legal presumption of negligence'' is difficult to reconcile with the instruction to the effect that an unexcused violation of section 540, subdivision (a), raised a presumption of negligence, particularly as, even under defendant's evidence alone, defendant violated that section without excuse. Moreover, it is completely contradictory of the instruction which the court should have given to the effect that defendant was negligent as hereinbefore set forth. The giving of the happening of the accident instruction was prejudicial.

### 4. Instructions On Contributory Negligence.

 As the case may be tried again, it is necessary for us to determine whether under the evidence instructions on contributory negligence should have been given.

According to defendant's testimony she had driven to work over these streets many times. She had never turned into Bryant from the immediate right side of the far right lane because "all the times" there were cars parked there. She had never before seen moving traffic in that portion of the lane. On this occasion as she approached the corner she put on the indicator that she was going to turn to the right. She saw plaintiff's car pull one-half way up her car about 2 feet to the right thereof. Plaintiff was not looking ahead but had his head turned towards his passenger to whom he appeared to be talking. When the light turned green before starting the turn for which she previously had signalled, she saw that plaintiff was not looking ahead but had his head turned towards his passenger. She assumed that he was going to stay there "because he wasn't moving and he wasn't looking towards traffic. . . . He was not looking ahead."

Even though defendant had negligently placed her car in the wrong portion of the lane, it was the jury's duty to determine whether that negligence proximately and solely caused the accident or whether under defendant's testimony (if the jury believed her) the accident was proximately contributed to by plaintiff in driving ahead without looking where he was going, particularly as he had approached behind defendant's car while its right turn signal was operating.

In *Cowan* v. *Bunce* (1963) 212 Cal.App.2d 48 [27 Cal. Rptr. 758], the plaintiff was injured when the car in which he was riding ran into the defendant's car from behind. The defendant had changed lanes without signaling the change for the statutory distance of 100 feet. In affirming judgment for the defendants, the appellate court stated that even though the presumption of negligence had arisen from the defendant's failure to give the prescribed signal, the jury "could have concluded that the failure to give a signal for the required time was not a proximate cause of the accident . . ."(p. 52) and that the sole cause of the accident was the failure of the plaintiff's driver to observe that which was in plain sight. Thus, the jury in our case well could have determined that either the sole proximate or the contributing cause of the accident was plaintiff's proceeding into the

intersection without paying any attention to his driving. (See *Arthur* v. *Santa Monica Dairy Co.* (1960) 183 Cal.App. 2d 483, 489 [6 Cal.Rptr. 808].) "In *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 240, 241 [116 P. 513], the court said: '[Contributory negligence] is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . . "Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." (*Johnson* v. *Southern Pacific R. R. Co.*, 154 Cal. 285 [97 P. 520].)' " (*Westcott* v. *Hamilton* (1962) 202 Cal.App.2d 261, 269-270 [20 Cal.Rptr. 677].)

Hence it was proper for the court to instruct on the subject of contributory negligence. Plaintiff contends that under the pretrial conference order, contributory negligence could not be an issue. This contention is based upon the fact that the order recited, "The defendant contends the plaintiff stopped in an area which normally would be a parking place and that she, the defendant, gave appropriate signal to making a right-hand turn and that plaintiff's vehicle moved forward and thus the collision occurred." The order clearly states elsewhere that contributory negligence is an issue in the case. Moreover, it was an issue in the trial.

Plaintiff correctly contends that instruction XI given on the court's motion, is erroneous in the use of the word "however slight." The instruction reads in part, "Contributory negligence is such an act or omission on the part of the injured party, plaintiff, *however slight*, amounting to a want of ordinary care, as, concurring and cooperating with the negligent act of a defendant, was the proximate cause of the injury complained of. . . ." (Italics added.) (The balance of the instruction is unobjectionable.)

In *Clark* v. *State of California* (1950) 99 Cal.App.2d 616, 623 [222 P.2d 300], the court quoted from *Strong* v. *Sacramento & P. R. R. Co.* (1882) 61 Cal. 326, 328: "The rule is, not that any degree of negligence, however slight, which directly concurs in producing the injury will prevent a re-

covery; but, if the negligence of the plaintiff, amounting to the absence of ordinary care, shall contribute proximately, in any degree, to the injury, the plaintiff shall not recover.'' (P. 623.) This language in an instruction has been held erroneous in a number of cases. To the same effect are *Conner* v. *Southern Pacific Co.* (1952) 38 Cal.2d 633, 640 [241 P.2d 535]; *Kettman* v. *Levine* (1953) 115 Cal.App.2d 844, 851 [253 P.2d 102]; *Montieth* v. *Atchison T. & S. F. Ry. Co.* (1957) 151 Cal.App.2d 442 [311 P.2d 886]; *Polk* v. *City of Los Angeles* (1945) 26 Cal.2d 519, 535 [159 P.2d 931]; *Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 168 [231 P.2d 484]. In most of these cases the error was held not prejudicial. It is interesting to note that ''Despite the fact that this form of instruction has for over 80 years been repeatedly disapproved it still raises a sturdy head to plague appellate courts.'' (*Perrotti* v. *Sampson* (1958) 163 Cal.App.2d 280, 285 [329 P.2d 310].)

As the other errors in the case require a reversal, we deem it unnecessary to determine whether the error in giving this instruction was prejudicial. If the case is retried, the error should not be repeated.

Under the circumstances of this case, the error in instructions was prejudicial and the judgment must be reversed.

The judgment is reversed.

Sullivan, J., and Molinari, J., concurred.