[Civ. No. 10376. Second Appellate District, Division Two.—December 3, 1935.]

MYRTLE M. NELSON et al., Respondents, v. SIGNAL OIL AND GAS COMPANY (a Corporation) et al., Appellants.

Heaney, Price & Postel, Clarence A. Rogers and Warner Edmonds, Jr., for Appellants.

Norris Montgomery for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from a judgment for the plaintiffs after a trial by jury in an action brought to recover damages for the wrongful death of the husband of one of the plaintiffs and father of the others.

Viewing the evidence most favorable to plaintiffs (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Decedent was one of five men riding in an automobile returning from Los Angeles to Santa Barbara about 2:30 A. M. At a point on the highway approximately three miles south of Carpinteria the automobile in which decedent was riding collided with the rear end of a trailer owned by defendant Signal Oil and Gas Company and operated by defendant Richardson. Decedent died as a result of the accident. The truck and trailer had left Los Angeles about 8 o'clock the preceding evening, at which time the trailer was equipped with two tail-lights situated on the chassis and a light fastened onto the extreme rear of an overhanging pipe. Repeated inspections were made of these lights by the defendant Richardson and a companion who accompanied him, from the time they left Los Angeles to a point approximately two miles prior to the scene of the accident. On each of these occasions the lights were observed to be burning brightly.

There was evidence that defendants were negligent in not having at the time of the accident two red lights burning at the extreme end of the load, as required by section 110 (a) of the California Vehicle Act.

The sole question necessary for us to determine upon this appeal is:

Did the trial court commit prejudicial error in refusing defendants' requested instruction reading:

*"You are instructed that even though you find that at the time and place of the accident complained of the rear or tail-lights on the truck and trailer of the defendants' had become extinguished, that fact in itself does not necessarily make the operator of said vehicle guilty of negligence. . . .*

*"If in this case you find that the defendants made a reasonable inspection of the rear or tail-lights on said truck and trailer and exercised due care to determine that said tail-lights were in fact burning, then you are instructed that the defendants were not guilty of negligence in this particular even though the rear or tail-lights were out when the collision occurred."*

The facts in the instant case are analogous with those in *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675], and the question of law is identical. Our Supreme Court held in *Berkovitz* v. *American River Gravel Co., supra,* that the refusal of the trial court to give a similar instruction was reversible error.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.