[Civ. No. 10581. Second Appellate District, Division One.—June 30, 1936.]

ED TAKAHASHI, Appellant, v. WHITE TRUCK AND TRANSFER COMPANY (a Corporation), Respondent.

[Civ. No. 10583. Second Appellate District, Division One.—June 30, 1936.]

HENRY HORIMOTO, Appellant, v. WHITE TRUCK AND TRANSFER COMPANY (a Corporation), Respondent.

J. R. Girling, Mathes & Sheppard and Robert A. Cushman for Appellants.

Finlayson, Bennett & Morrow, Henry L. Knoop, John C. Morrow and Karl L. Davis for Respondent.

SHINN, J., *pro tem.*—In consolidated actions for damages for personal injuries suffered in a single accident, the court after verdicts in favor of plaintiffs, notwithstanding such verdicts, entered judgments in favor of the defendant. Plaintiffs appeal separately upon a single record.

Some two hours before sunrise on a rainy morning plaintiffs, traveling in an automobile driven by plaintiff Takahashi at a speed of thirty-five or forty miles per hour, ran into the rear of a slowly moving trailer loaded with oil well casing. The question on each appeal is whether there was substantial evidence that the accident was the result of defendant's negligence.

Each plaintiff testified that there were no lights at the rear of the trailer. A witness, Mrs. Mick, who was on the scene of the accident shortly after it happened, testified that she did not see any light on the rear of the trailer or at the rear of the casing, which she testified extended five or five and one-half feet beyond the rear of the trailer. On behalf of defendant, witnesses testified that there were two tail lights on the rear of the trailer and two load lights fastened to the rear of lengths of casing which had been installed the afternoon before, after the truck was loaded. Witnesses testified that the lights were burning when the truck left the yard early in the morning, and the truck driver testified that he alighted from the truck, inspected the lights and found them burning not long before the accident, and that the collision occurred some seventy-five or one hundred feet beyond a point where he had looked back and had seen on the wet pavement the red reflection of lights from the rear of the trailer and load. A great deal is said in the briefs, particularly in respondent's brief, respecting the weight of the evidence on behalf of plaintiffs as compared with that of the defendant. The former is classified as negative in character, which of course it is, since the plaintiffs who testi-

fied that there were no lights made no close inspection and could only testify that they saw no lights. The testimony on behalf of the defendant was positive in character. That the one class of testimony is ordinarily not as satisfactory as the other may not be questioned, but that is only one of the many considerations which affect the weight of evidence. More important is the fact that testimony of any character must be credible, that is to say, the witness testifying must be believed by the court or jury before his testimony can be accepted as proof of any fact. Beyond the point of determining whether testimony, be it positive or negative, has substantial probative value, the court is not concerned with the weight of the evidence on either side of the case, either in ruling upon a motion for judgment notwithstanding the verdict or upon an appeal from a judgment so entered. Sufficient of the jurors to render verdicts believed that no lights were burning on the truck at the time of the collision, thereby necessarily giving greater credence to the testimony of the witnesses for plaintiffs than to that of the defendant's witnesses. It is not conceivable that had they believed the testimony of the truck driver in its entirety they would have found the defendant to have been negligent. The evidence *pro* and *con* as to the existence of lights on the trailer or load was in substantial conflict. The testimony of the plaintiffs was unequivocal and not legally inherently improbable or incredible.

Defendant relies upon *Lockie* v. *Pence*, 5 Cal. App. (2d) 172 [42 Pac. (2d) 340], cited as being directly in point on the facts. As we read the opinion in that case, the court affirmed a judgment for the defendant notwithstanding the verdict solely upon the ground that plaintiff's evidence as to the absence of lights on the standing truck related only to a time after the accident occurred. It was said that there was no evidence to establish by inference or otherwise any negligence on the part of the defendant. The case was not decided upon the theory that the weight of the evidence was a controlling factor, and the decision is in harmony with the established rules. Negative testimony as to the absence of lights has not infrequently been held sufficient to sustain findings of negligence on the part of automobile drivers. (*Carswell* v. *Pacific Greyhound Lines, Inc.*, 7 Cal. App. (2d) 466 [46 Pac. (2d) 297] ; *Grimes* v. *Richfield Oil Co.*, 106 Cal.

App. 416 [289 Pac. 245].)    In the very nature of things the situation calls for negative proof.

There was evidence sufficient to require the decision of the jury upon the alleged violation of sections 99, 106 and 110 of the California Vehicle Act (now sections 618, 621 and 626 of the Vehicle Code, Statutes of 1935, p. 93) under which the trailer was required to carry a red tail light and red load lights on the trailer load.    The failure to have such lights showing would have constituted *prima facie* evidence of negligence.    If they were not showing at the time of the accident, the sufficiency of the defendant's proof that it had exercised ordinary care to keep them lighted presented a question of fact for the decision of the jury.    If the proof was unsatisfactory to the trial judge, his further action should have been taken on a motion for a new trial and not in ordering judgments for the defendant notwithstanding the verdicts.

The judgments in Civil Appeals No. 10581 and No. 10583 are reversed.    The attempted appeals from the orders granting motions for judgments notwithstanding the verdicts are dismissed.

Houser, P. J., and Doran, J., concurred.