[Civ. No. 20492. Second Dist., Div. One. Mar. 14, 1955.]

SARAGOSA GARCIA, Respondent v. KATHLEEN B. WEBB, Appellant.

P. E. Cavaney for Appellant.

Harry Gold and Hyman Gold for Respondent.

WHITE, P. J.—Mrs. Kathleen B. Webb has appealed from a judgment against her for $1,500 general damages and $271 special damages awarded to plaintiff because of personal injuries sustained by him.

Briefly, the facts found by the court in support of the judgment are as follows: About noon on October 11, 1950, plaintiff Saragosa Garcia was walking in a westerly direction along Sage Lane Street near the south edge thereof. There was no sidewalk. Defendant drove her automobile also in a westerly direction on the south and left side of the street directly toward plaintiff so as to create an imminent peril to his safety and plaintiff jumped upon the running board of defendant's automobile to prevent being crushed between defendant's automobile and a fence on the south and left edge of Sage Lane Street. Defendant increased the speed of the car and drove at about 20 to 25 miles per hour for about 300 feet and then without warning suddenly applied the brakes causing plaintiff to be violently thrown from said automobile and hurled to the ground. Plaintiff was injured in the fall. Defendant was intoxicated at the time. Plaintiff acted with due care and prudence and without negligence on his part and his injuries were the direct and proximate result of the negligence of defendant.

Appellant urges that the judgment should be reversed for the reasons that the findings and judgment are not supported by the evidence; that plaintiff violated sections 596.4 and 596.5 of the Vehicle Code of California; and that his said violations of the Vehicle Code constituted contributory negligence upon his part as a matter of law.

There is no dispute as to plaintiff's injuries or the reasonableness of the amount of damages awarded to him.

Defendant has cited no evidence of any interference with her operation and control of her automobile in violation of section 596.4 of the Vehicle Code.

Section 596.5 of the Vehicle Code provides: "No person shall ride . . . on any vehicle upon any portion thereof not designed or intended for the use of passengers. . . ." However, a person who does a prohibited act "through misfortune or by accident. when it appears that there was no evil design,

intention, or culpable negligence'' is not guilty of violating the law. (Pen. Code, § 26, subd. (6).)

█ According to the testimony of defendant, herself, she had had ''two bourbons'' before the accident and she had pleaded guilty to driving in an intoxicated condition at that time. The following is quoted from her testimony:

''Q. Did you crowd him against the fence at that time? A. There is a lot of shrubbery here, I mean weeds and things, not shrubbery, weeds.

''Q. Did you hear Mr. Garcia testify that you crowded him against the fence? A. I didn't crowd him against the fence.

''Q. How much room did he have between your automobile and the fence? A. Well, a couple of feet, anyway.

.   .   .   .   .   .   .   .   .   .   .   .   .

''Q. What gear were you operating in at that time? A. I was in second; I might have gone in high. I don't remember. It is a long time ago. You have to start in second. It is an old car and it doesn't——

''Q. What did you do when you arrived at your garage? A. I parked.

''Q. Did you stop your car? A. Yes.

''Q. Was Mr. Garcia on your car when you stopped it? A. Yes.

''Q. When did he get off, if he did, at any time? A. At the garage.

''Q. After you stopped or before you stopped? A. Well, when I stopped.

''Q. He got off? A. He fell off.

.   .   .   .   .   .   .   .   .   .   .   .

''Q. Then when did he fall down? A. As I stopped.

''Q. Did you stop your car suddenly? A. Not any more than I usually do.''

In the light of defendant's own testimony that her automobile was ''a couple of feet'' from the fence on the left side of the street, ''possibly'' in high gear, with a lot of weeds and the plaintiff then between the automobile and the fence, it appears most likely that plaintiff did not voluntarily get on, ride on, or get off the running board of her automobile. Indeed, it can scarcely be doubted that in the presence of imminent peril plaintiff took what seemed to him the least dangerous course.

█ ''The violation of a statute or ordinance which proximately contributes to the injuries is presumptively an act

of negligence unless the act or omission was justifiable or excusable under the circumstances. (*Mora* v. *Favilla,* 186 Cal. 199-207 [199 P. 17] ; Shearman & Redfield on Negligence, 6th ed. § 467.)'' (*Scalf* v. *Eicher,* 11 Cal.App.2d 44, 54 [53 P.2d 368].)

'' '. . . the issue as to whether the circumstances were such as to excuse violation' should be left to the trier of the fact.'' Where such violation results ''from causes or things beyond the control of the person charged with the violation,'' such violation is not negligence as a matter of law. (*Ornales* v. *Wigger,* 35 Cal.2d 474, 480 [218 P.2d 531] ; *Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 590 [177 P.2d 279].)

Under the circumstances disclosed by the record on the appeal now engaging our attention, plaintiff's riding on the running board of defendant's automobile was not contributory negligence as a matter of law.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.