[Civ. No. 8997.   Third Dist.   Apr. 29, 1957.]

ESTHER I. McEACHEN, Appellant, v. ROBERT RICHMOND et al., Respondents.

Burke & Rawles and Wayne P. Burke for Appellant.

Mannon, Brazier & Bell and Charles R. Bell for Respondents.

VAN DYKE, P. J.—Plaintiff, in the trial court, has appealed from a judgment entered upon a defense verdict in a personal injury action. Respondents did not take a cross appeal from that portion of the judgment entered upon an adverse verdict on their cross-complaint.

The accident out of which this action arose occurred at night at an intersection of a two-laned state highway and a county road. Both appellant and respondents were proceeding north on the state highway. Respondent's vehicle was being driven by Elizabeth Richmond, who will hereinafter be referred to as the respondent. She was following a truck and trailer, which in turn was following appellant's automobile. As all three vehicles approached the intersection, respondent pulled out to pass, and while still alongside the truck and trailer and about 90 feet distant from the intersection, she saw the blinker lights on appellant's automobile signaling for a left turn. Prior to that time she had not seen appellant's vehicle, since it was traveling in front of the truck and trailer. Respondent applied her brakes, but was unable to avoid striking the rear of appellant's automobile as it was leaving the intersection. There was evidence that appellant, while approaching the intersection, had driven away from the center line and toward the edge of the highway, from which position she made her left turn, thus violating section 540, subdivision (b) of the Vehicle Code, which requires the driver of a vehicle intending to turn left at any intersection to approach the intersection in the extreme left hand lane lawfully available

to traffic moving in the direction of travel of such vehicle and after entering the intersection to make the left turn so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. There was also evidence that appellant did not violate said section. However, there was no conflict as to the violation by respondent of section 530 of the Vehicle Code, which provides: "No vehicle shall at any time be driven to the left side of the roadway . . . : . . . when approaching within one hundred feet of or when traversing any intersection." By her own testimony, respondent was guilty of violating that section.

In support of her appeal, appellant contends that in the situation presented here, including the admitted violation by respondent of section 530 of the Vehicle Code, it was error for the trial court to instruct the jury that: "The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent." The instruction was taken from California Jury Instructions, Civil, Number 131. It has often been given and approved, and in the form used here has not been condemned save in those cases wherein res ipsa loquitur is applicable. Appellant cites these cases and earnestly argues that they are applicable here where respondent's negligence is presumed from her conceded violation of the applicable rule of the road. Appellant cites and relies upon *Brown* v. *George Pepperdine Foundation,* 23 Cal.2d 256 [143 P.2d 929]; *Radisich* v. *Franco-Italian Packing Co.,* 68 Cal.App.2d 825 [158 P.2d 435]; and *Jensen* v. *Minard,* 44 Cal.2d 325 [287 P.2d 7]. In *Brown* v. *George Pepperdine Foundation,* a res ipsa case, the court had instructed the jury that "The inference of the negligence that you may draw in this case from the fact of the happening of the accident itself shifts the burden to the defendants of explaining the manner in which the accident happened . . ." The court also instructed the jury in the same language used in this case that the mere fact that an accident happened, considered alone, would not support an inference that some party or any party to the action had been negligent. The court held that giving both instructions may have confused the jury since the instructions contained inconsistent ideas. In *Radisich* v. *Franco-Italian Packing Co.,* again a res ipsa case, where the jury had been told that the happening of the accident as established by the evidence gave rise to an inference of negligence on the part of the defendant and were also told that the mere fact that an accident hap-

pened, considered alone, did not support such an inference with respect to either party, the same conflict was noted. But it was there held that no prejudice had resulted. In *Jensen* v. *Minard*, also a res ipsa case, but one in which the jury had not been given the res ipsa instruction, the Supreme Court said:

"The trial court committed prejudicial error, however, in giving certain instructions requested by defendant. The jury were instructed that 'The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent.' Since it was conceded that the fatal bullet was fired by defendant, this instruction in effect told the jury that the fact that Bonnie was killed by a bullet from defendant's gun afforded no evidence of negligence. Ordinarily, however, accidents of this sort do not occur if those using firearms use due care. Even though instructions on the doctrine of res ipsa loquitur were not requested, the jury should not have been foreclosed from considering the evidence provided by the happening of the accident itself in determining whether defendant was negligent."

Appellant's argument is that the conduct of respondent in driving on the wrong side of the road as she approached the intersection and as she traversed the intersection to the point where her car collided with that of appellant is as much a part of the happening of the accident as was the conduct of the defendant in *Jensen* v. *Minard* in firing his gun, and equally gave rise to an inference of negligence. But the instant case is not a res ipsa case, and it is unnecessary to discuss the res ipsa cases upon the point involved. They are not applicable here. They form an exception to the general rule that in a case such as this, it is proper to instruct the jury that the mere fact that an accident happened, considered alone, does not support an inference that some party or any party to the action was negligent. Appellant cites other cases in support of her contention that it was error to give the challenged instruction, such as *Sullivan* v. *Market Street Ry. Co.*, 136 Cal. 479 [69 P. 143]. But in those cases the instruction given was not in the form used here.

Appellant next contends that in view of respondent's conceded statutory violation, the court erred in instructing the jury as follows: "if after considering all the evidence, you should find that it is just as probable that either the defendant was not negligent or if she—if they were, his negligence

was not a proximate cause of the accident, as it is that some negligence on his part was such a cause, then a case against the defendant has not been established.'' This instruction simply requires a finding of both negligence and proximate cause before a case can be made against the defendant. Appellant does not contend that in the abstract it is incorrect but argues that if the jury found the respondent to have been guilty of negligence, then as a matter of law such negligence was a proximate cause of appellant's injury. The accident occurred during the hours of darkness. The intersection was not illuminated, and there was no sign south of the intersection to indicate its presence. Respondent testified that she did not know she was approaching an intersection. ▬ Ignorance of facts which make a statute applicable may serve as justification or excuse for a violation thereof in so far as civil liability is concerned. (*Nevis* v. *Pacific Gas & Elec. Co.,* 43 Cal.2d 626, 633 [275 P.2d 761].) ▬ The facts here are analogous to those presented in *Graf* v. *Garcia,* 117 Cal.App.2d 792, 798-799 [256 P.2d 995], where it was held that the presumption of negligence arising from failure to stop at a stop sign could be found to be justified under the following circumstances: The stop sign was located at such an angle that the headlights of an approaching vehicle might not fall upon it. There was affirmative evidence that the night was very dark, that a mist was falling and the intersection was unlighted. Said the court:

'' . . . Under the evidence a jury might reasonably conclude that decedent did not see the stop signs and that his failure to do so 'might reasonably have been expected from a person of ordinary prudence.' Under not dissimilar conditions of weather and darkness the Supreme Court recently held that the violation of a statutory duty to yield the right of way to a pedestrian in a crosswalk was excusable or justifiable. (*Ornales* v. *Wigger,* 35 Cal.2d 474 [218 P.2d 531].) The court said at page 480 : 'Certainly, the weather, the darkness and plaintiff's attire were all matters beyond the control of defendant. It was held in the Satterlee case that ''the issue as to whether the circumstances were such as to excuse violation'' should be left to the trier of the fact.' Under similar conditions of weather and darkness whether the partially obliterated 'stop' marks on the pavement and the unusually situated stop sign were, and in the exercise of ordinary care should have been, observed by decedent equally presents a question for the trier of fact.''

▬ Appellant contends that the court erred in giving

B.A.J.I. Instruction, Number 149.1, to the effect that the presumption arising from a party's violation of law was not conclusive and could be overcome by other evidence showing that under all the circumstances the conduct in question was excusable, justifiable and such as might reasonably have been expected of a person of ordinary prudence. The court added: "In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise." Appellant argues that in view of respondent's statutory violation, she was not entitled to the benefit of the assumption declared in the quoted sentence. We see no error here. The assumption had only to do with the jury's determination of whether or not the evidence showed such excuse as might dispose of the presumption of negligence, and in that connection was properly applicable. We find no error in the record.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied May 23, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1957. Gibson, C. J., and Carter, J., were of the opinion that the petition should be granted.