[Civ. No. 9028.   Third Dist.   Sept. 27, 1957.]

FRANCIS J. GRUSS et al., Appellants, v. COAST TRANS-PORT, INC. (a Corporation), et al., Respondents.

IRENE HOLMES et al., Appellants, v. COAST TRANS-PORT, INC. (a Corporation), et al., Respondents.

Jacobs, Blanckenburg & May, Healy & Walcom, Chargin & Briscoe and William H. Herbert for Appellants.

Theodore Tamba for Respondents.

VAN DYKE, P. J.—This appeal presents the record of a consolidated trial of two separate suits against the same defendants. Plaintiffs Irene Holmes and Claude L. Holmes brought action for injury and property damage arising out of a collision between an automobile driven by Claude L. Holmes with a Studebaker automobile driven by David Oliver Hayes with the consent of its owner Robert Holloway. Francis and Martha Gruss, riding in the Holmes car, brought their action to recover for injuries suffered by them in the same collision. The point of collision of the two cars was partly on the shoulder and partly on the paved portion of the south half of the road known as the Sears Point cut-off in Solano County at a point where the road runs east and west. The Chevrolet was being driven east. The Studebaker was being driven west. The collision was approximately head-on. A Hudson car was being driven west by Clifford Dodson. That car had been followed for a mile or more by a truck and trailer driven by John Ceciliani and owned by Coast Transport, Inc. They were defendants in both actions. The truck and trailer was followed by the Studebaker car. Ceciliani undertook to pass the Hudson. He testified that he observed the Chevrolet approaching, but concluded that he could safely and legally execute a passing maneuver. It is undisputed that he pulled into the south lane for that purpose. As to what happened immediately thereafter the evidence is in conflict. For the purpose of this appeal it is only necessary to state in summary the evidence presented.

There was evidence that Ceciliani failed to execute the passing maneuver in accordance with the applicable statute

(Veh. Code, § 530); that before he passed the Hudson and returned to his proper side of the center line he forced the Chevrolet out of the south lane and onto the shoulder to avoid a collision with his truck; that he interfered with the operation of the Hudson by so cutting in as to compel the driver of the Hudson to severely apply his brakes, at the same time turning out onto the right shoulder to avoid being hit by the truck; that the Hudson went out of control as it was swung to the shoulder and that it came back into the north lane and across the center line with suddenly reduced speed; that this compelled the driver of the Studebaker, in order to avoid a collision with the Hudson, to attempt to go around the Hudson by driving his car out on the south shoulder where it met the Chevrolet. On the other hand there was testimony that the driver of the truck would have completed his passing maneuver and returned to his proper side of the road more than 100 feet ahead of the approaching Chevrolet, all as required by the statute, and without interfering with either the approaching car or the one being passed, except for the action of the driver of the Hudson in speeding up in violation of law and holding the truck out in the south lane, thus forcing its driver, to avoid collision with the oncoming Chevrolet, to cut in on the Hudson in attempting to regain the north side of the road. It was undisputed that there was no collision between the truck and the Hudson.

Respondents Ceciliani and Coast Transport, Inc., requested, and the court gave, an instruction reading as follows:

"If you find from the evidence that, at and before the time the defendant Ceceliani started to turn to the left side of the road and pass and overtake the Hudson automobile, the said left side of the roadway was clearly visible and free from oncoming traffic for a sufficient distance ahead that the said defendant Ceceliani, as a reasonably prudent person, reasonably concluded that such overtaking and passing could be completed without interfering with the safe operation of any vehicle approaching from the opposite direction, or said Hudson automobile, and that he could, under the circumstances, pass and overtake said Hudson automobile and return to the right-hand side of the roadway before coming within a hundred feet of any vehicle approaching from the opposite direction; and if you further find that at said time and place he operated his vehicle as an ordinary careful and prudent person under the circumstances, then, if you so find, I instruct you that the defendant John C. Ceceliani was not negligent,

and your verdict must be for the defendants Coast Transport Company, Inc., and John C. Ceceliani.''

Appellants contend that the giving of this instruction was reversible error and we have concluded that this contention must be sustained. The challenged instruction violates the case law as set out in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279], and other cases following the rule therein declared. ■ That case holds that the standard of care to which one must conform is usually that of the ordinarily prudent or reasonable person under like circumstances, but that the proper conduct of such a reasonable person under particular situations may be prescribed by statute; that an act or failure to act below a statutory standard is negligence *per se* or negligence as a matter of law; that where the evidence establishes a defendant's violation of a statute (proximately causing plaintiff's injury) and where no excuse or justification for a violation is shown, responsibility may be fixed on the violator without other proof of failure to use due care; that while the presumption of negligence arising from violation of an applicable statute is not conclusive and may be rebutted by showing excuse or justification, proof of the violation raises the presumption of negligence and puts upon the offender the burden of proving that the violation was excused or justified by causes or things beyond the control of the violator; that in the absence of such proof of excuse or justification the presumption of negligence is conclusive. The majority in the cited case rejected a contention advanced by the minority that the violation of a statute may or may not be negligence, depending on the circumstances, with the result that in the last analysis the jury may apply the ordinary prudence standard and that the statutory provision should not be made an absolute standard for the determination of the issue of negligence.

■ It is clear that the challenged instruction offends against the Satterlee case rule. It told the jury that if in estimating the situation presented Ceciliani reasonably concluded as a prudent person might that he could pass without interfering with the approaching or the overtaken car and return to his side of the road before coming within 100 feet of the Chevrolet, then even though he in fact violated the statute yet he would not be guilty of negligence and the verdict must be in his favor. The instruction omitted the requirement that if he in fact violated the statute he would be guilty of negligence unless he proved justification or excuse. In

short, it applied the ordinary standard of care test and authorized the jury to ignore the statute and its violation save as the violation constituted evidence of negligence to be considered by the jury along with all the other circumstances in testing Ceciliani's conduct by the standard of the ordinarily careful person. More specifically, where the Satterlee case required excusatory circumstances to fall within the class of causes or things beyond the violator's control, the challenged instruction imposed no such condition and therefore offends against the applicable case law. We quote the following from *Martin* v. *Herzog*, 228 N.Y. 164 [126 N.E. 814], wherein Justice Cardozo, writing for the court in a case involving a failure in properly lighting a traveling vehicle, said, at page 815 [126 N.E.] :

"We think the unexcused omission of the statutory signals is more than some evidence of negligence. It *is* negligence in itself. Lights are intended for the guidance and protection of other travelers on the highway. . . . By the very terms of the hypothesis, to omit, willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform. That, we think, is now the established rule in this state. . . .

. . . . . . . . . . . . .

"In the case at hand, we have an instance of the admitted violation of a statute intended for the protection of travelers on the highway, of whom the defendant at the time was one. Yet the jurors were instructed in effect that they were at liberty in their discretion to treat the omission of lights either as innocent or as culpable. They were allowed to 'consider the default as lightly or gravely' as they would. They might as well have been told that they could use a like discretion in holding a master at fault for the omission of a safety appliance prescribed by positive law for the protection of a workman. . . . Jurors have no dispensing power, by which they may relax the duty that one traveler on the highway owes under the statute to another. It is error to tell them that they have. The omission of these lights was a wrong, and, being wholly unexcused, was also a negligent wrong. No license should have been conceded to the triers of the facts to find it anything else."

An examination of the applicable statute demonstrates that the Legislature has set up a positive standard which, however

carefully a driver may estimate the condition of traffic on the highway before beginning a passing maneuver, forbids him while passing to interfere with the safe operation of approaching or overtaken vehicles and requires him ''in any event'' to return to his proper travel lane before coming within 100 feet of an approaching vehicle. The statute does not say that he may assay the situation and if his judgment be at fault excuse his conduct by convincing a jury that in exercising his judgment he acted as an ordinarily prudent person would.

Appellants also attack instructions given at respondents' request and having to do with the subject of superseding cause. Since the judgment appealed from must be reversed by reason of the instruction we have been discussing, we think it unnecessary to discuss the other instructions.

In both cases the judgments appealed from in favor of Ceciliani and Coast Transport, Inc., are reversed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied October 24, 1957, and respondents' petition for a hearing by the Supreme Court was denied November 20, 1957.

_____
*Assigned by Chairman of Judicial Council.