[Civ. No. 18057. First Dist., Div. Two. Jan. 6, 1959.]

DORIS S. BRYAN, Appellant, v. JO SMALLEY, Respondent.

764

Lewis, Scher & Fernandez for Appellant.

Campbell, Custer, Warburton & Britton and George A. Strong for Respondent.

DRAPER, J.—In this personal injury action, plaintiff appeals from judgment upon jury verdict in favor of defendant. Automobiles driven by plaintiff and defendant were southbound on a two-lane highway, with plaintiff's car in the lead. Traffic was heavy. When the vehicles ahead of her stopped, plaintiff stopped her car, which was then struck from the rear by defendant's car.

The court's instruction quoted to the jury the language of Vehicle Code, section 544, subdivision (c), providing that no person shall "stop or suddenly decrease the speed of a vehicle" without giving a signal, and of Vehicle Code, section 546, specifying the method of giving such a signal by hand and arm. The court then gave BAJI 149, which states that violation of a statute requires a presumption of negligence, but that the presumption may be overcome by evidence showing that such conduct was "excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence." However, the court also gave the two optional paragraphs of this instruction, which read:

"In this connection, you may assume that person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise.

"To prove that a violation of a statute, such as that charged in this case, was excusable and justifiable so as to overcome

the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation.''

Although these two paragraphs of the instruction were supported by authority when they were given, they have since been specifically disapproved by the Supreme Court. (*Alarid* v. *Vanier,* 50 Cal.2d 617 [327 P.2d 897].) Thus we must hold the giving of these instructions to have been error. (*Emerton* v. *Acres,* 160 Cal.App.2d 794 [325 P.2d 685].) In Alarid the instructions were not prejudicial since the party whose burden it was to justify his violation of a statute prevailed. Here it was plaintiff who assertedly violated a statute. The final paragraph of the instruction unduly increased her burden of showing that her conduct was justifiable or excusable. Since verdict and judgment were against her, we must hold the error prejudicial.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 5, 1959, and respondent's petition for a hearing by the Supreme Court was denied March 4, 1959.